PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PEDRO SOTO, Defendant and Appellant.

No. 3630. Argued December 3, 1929.—Decided January 16, 1930.

*E. Cervoni,* for appellant.    *R. A. Gómez,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The information herein reads as follows:

"Said accused, Pedro Soto, during April and May, 1925, and in San Juan, which is a part of the judicial district of that name, and while he was acting as selling agent of Gillies & Woodward, charged with the duty as such selling agent of collecting all moneys from the sales made by him on behalf of Gillies & Woodward, wilfully, maliciously and fraudulently, appropriated to himself, for his own benefit and use, to the prejudice of Gillies & Woodward, a sum of money not less than three thousand dollars, which sum had been intrusted to the accused and had been received by him in the course of his employment as such selling agent for Gillies & Woodward, thus defrauding said Gillies & Woodward out of said sum; all of which is against

the law for such case provided and against the peace and dignity of The People of Porto Rico.''

After a trial, the jury found the accused guilty of embezzlement and the court sentenced him to the penitentiary at hard labor. He has appealed from that judgment.

Five errors are assigned, two of which, numbered 4 and 5, are not argued in the brief. The last of these is that the court allowed the prosecution to examine a witness in regard to certain particulars. As the appellant fails to argue the point and we do not feel bound to indulge in speculations as to the possible basis for the assignment, we will not consider it.

The first two assignments are as follows:

''1. The court erred in denying our first motion to dismiss the prosecution based on the ground that more than two hundred days had elapsed from the arrest of the accused to the filing of the information.

''2. The court erred in denying our motion to dismiss predicated on the ground that more than sixty days had elapsed from the filing of the information to the holding of the trial.''

The above quoted assignments are jointly argued in the briefs of the parties.

It appears from the record that the accused herein was arrested on April 22, 1925, on a warrant issued by *Fiscal* Massari. At that time the San Juan district was divided into two judicial districts. The first district was served by said prosecuting attorney and the offense giving rise to the prosecution was committed within the second district. *Fiscal* Massari referred the case to *Fiscal* Gómez, who withdrew the information because more than sixty days had elapsed since the arrest of the defendant, and issued a new warrant of arrest on August 28, 1925. This latter warrant does not appear to have ever been executed. On October 15, 1925, *Fiscal* Romaní issued the warrant on which the accused herein was finally arrested and thereafter released on bail. The information was filed on November 4, 1925. The case was set for

trial on March 1, 1926, and, on motion of the defendant, the trial was continued, and thereafter set again for May 13, 1926. The prosecuting attorney then, on the ground that his most important witnesses were absent, applied for a continuance, which was granted, and June 14, 1926, was set for the trial. On June 22, 1926, the defendant filed a motion wherein he waived the benefit of a speedy trial within the statutory period of 120 days. On October 28th the accused moved for a further continuance of the trial, which finally took place on March 30, 1927.

In our opinion the first error is without merit. The warrant of arrest issued by *Fiscal* Massari had no legal force, because his jurisdiction did not extend to the district where the offense was committed. At all' events, such warrant ceased to have any legal effect whatever when the information was withdrawn. In reality the arrest of the accused took place when the warrant from *Fiscal* Romaní was executed on October 25; and the information was filed within 60 days from that arrest.

As regards the statutory requirement that the trial must be held within the period of 120 days from the filing of the information, we find from the record that the accused waived all benefits arising from that provision. We can not enforce limitations which the accused himself renounced. He waived the right involved and he is precluded' from invoking it in support of his appeal.

It was not necessary for the prosecuting attorney to obtain permission from the court in order to issue a new warrant of arrest in a case like the present one.

The third assignment of error reads as follows:

"3. The court erred in overruling our motion for dismissal upon the refusal of the prosecuting attorney to furnish a bill of particulars."

As may be noted, the ground of reversal above assigned is not precisely the refusal of the prosecuting attorney to

furnish the bill of particulars, but the ruling of the court denying the motion to dismiss.

First of all, it does not appear from the record that the prosecuting attorney arbitrarily refused to furnish a bill of particulars. He seems to have been unable to do so, and in order to charge him with an unjustifiable refusal some evidence was necessary. If such evidence was not offered or introduced, we fail to see any basis upon which the court could rely for granting the motion of the accused. The court did not err in denying the motion.

For the foregoing reasons, the judgment appealed from must be affirmed.